UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOVA CASUALTY COMPANY, | § | |
| | § | |
| Plaintiff and Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-3440-B |
| | § | |
| JOSE E. GUZMAN and RITO SOSA, | § | |
| | § | |
| Defendants and Counter-Claimants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants Jose E. Guzman and Rito Sosa's Motion for Leave to File First Amended Counterclaim and Joinder of Party (Doc. 17). In this motion, Defendants seek leave to allege a new counterclaim against a third party, Knorpp Bloodstock Insurance Agency, LLP. For the reasons set forth below, the Court **GRANTS** Defendants' motion (Doc. 17).

I.

BACKGROUND[1]

This is an insurance dispute arising from the death of a quarter horse named Mr. Jess Jenkins ("Mr. Jenkins"). Plaintiff Nova Casualty Insurance Company alleges that in September 2019, Defendants obtained insurance policies of $250,000 each, effective from September 2019 to September 2020, insuring their respective one-half interests in Mr. Jenkins "for the use of racing[.]" Doc. 1, Compl., ¶¶ 9–10. Plaintiff further alleges that in May 2020, an equine hospital diagnosed Mr. Jenkins with lameness and recommended that he retire from racing, so Mr. Jenkins returned to

---

[1] The Court draws the factual background from the allegations in the complaint (Doc. 1), the answer asserting counterclaims (Doc. 12), and the proposed amended counterclaim (Doc. 17, Ex. 1).

Defendant Guzman's farm. *Id.* ¶¶ 12–14. But "[n]either [Plaintiff] nor any of its representatives" received notice of Mr. Jenkins's poor physical condition. *Id.* ¶ 14. Rather, in September 2020, Plaintiff alleges, Defendants submitted "Declarations of Health" to Plaintiff in which they affirmed that Mr. Jenkins had no injury or lameness and had not received veterinary treatment beyond "routine care[.]" *Id.* ¶ 15. Shortly thereafter, Defendants' "insurance broker advised [Plaintiff's] claims representative that Jenkins had been sent to [an equine hospital] for lameness." *Id.* ¶ 16. At that point, Plaintiff learned about the May 2020 hospital visit. *Id.* Unfortunately, Mr. Jenkins's condition did not improve, and he "was humanely destroyed[.]" *Id.* ¶ 18. One month later, Defendants each submitted $250,000 claims under their respective policies insuring Mr. Jenkins. *Id.* ¶¶ 19–20.

Plaintiff denied these claims, *id.*, and brought a declaratory-judgment action in this Court. *See generally id.* Plaintiff seeks a declaratory judgment that Defendants' claims are not covered under their policies, because they breached a condition precedent for coverage under the policies "by failing to promptly give notice to Independent Adjusters, [Plaintiff], or any of [Plaintiff's] designated representatives" that Mr. Jenkins was injured as early as May 2020. *Id.* ¶ 23.

Defendants filed an answer asserting two counterclaims against Plaintiff. *See generally* Doc. 8, Answer & Counterclaim. First, Defendants seek a declaratory judgment that they are entitled to coverage under their policies. *See id.* ¶¶ 15–16 (Counterclaim). Second, Defendants allege Plaintiff breached contracts with Defendants by failing to pay their claims. *Id.* ¶¶ 18–20 (Counterclaim).

Then, Defendants filed a motion for leave to amend their counterclaims to add a new counterclaim of negligence against Knorpp Bloodstock Insurance Agency, LLP ("Knorpp"). In their proposed counterclaim, Defendants allege that in June 2020, they "informed Knorpp that Jenkins

had been put on rest and would not be racing for the remainder of 2020," but Knorpp did not further inquire into the rest period "and failed to notify [Plaintiff] of Jenkins' condition until September 2020." Doc. 17, Ex. 1, ¶ 15. Additionally, Defendants allege that despite their limited ability to speak English, Knorpp did not "explain the provisions" of Defendants' insurance policies or their obligations thereunder. *Id.* ¶ 12. Based on these allegations, Defendants seek leave to assert a negligence claim against Knorpp. *Id.* ¶ 24. Defendants' motion for leave is now ripe for review, so the Court considers it below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 13(h), "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or cross claim." Rule 20, in relevant part, states that parties "may be joined in one action as defendants" provided that: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

## III.

## ANALYSIS

A.    *Rule 13 Permits the Assertion of a New Counterclaim Against a New Counter-Defendant.*

Plaintiff first contends that Defendants' motion should be denied because the Federal Rules of Civil Procedure do not permit the assertion of a new claim against a new counter-defendant. Doc. 20, Pl.'s Resp., 4. In response, Defendants assert that Federal Rule of Civil Procedure 13(h) "specifically addresses this situation" and permits the joinder of new parties to a counterclaim. Doc.

21, Defs.' Reply, 2.

The Court agrees with Defendants. Rule 13(h) states that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim . . . ." Nothing in Rule 13 suggests that the situation here—the addition of a new party by way of a new counterclaim—is prohibited. Indeed, the Fifth Circuit appeared to recognize this use of Rule 13(h) in *State National Insurance Company Inc. v. Yates*, 391 F.3d 577, 578 (5th Cir. 2004). In *Yates*, the Fifth Circuit explained that the defendant–insured counterclaimed against the plaintiff–insurer and then brought distinct claims "against an additional party"—the defendant's insurance agency. *See id.* The court thereafter clarified in a footnote that Rule 13(h) "permits joinder of additional parties to a counterclaim 'in accordance with the provisions of Rules 19 and 20.'" *Id.* at 578 n.2 (quoting Fed. R. Civ. P. 13(h)). Although dicta, this footnote suggests that Rule 13(h) allows for joinder of a new counter-defendant even if the claims against the counter-defendant are not alleged against the current counter-defendants.

The Court recognizes that courts disagree about whether Rule 13(h) allows the assertion of new counterclaims against a new counter-defendant. *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, 2017 WL 10576036, at *5 (W.D. Tex. Sept. 7, 2017). In *NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, for example, another court in the Northern District of Texas held Rule 13(h) does not allow for this sort of joinder. 2013 WL 460068, at *2–3 (N.D. Tex. Feb. 6, 2013) (citations omitted). It reasoned that other provisions of Rule 13 "suggest that counterclaims and crossclaims are, as an initial matter, proper only as to existing parties." *Id.* at *2 (quoting, *inter alia*, Fed. R. Civ. P. 13(a)(1)).[2]

---

[2] Other Texas district courts have followed *NatureSweet* but then permitted joinder of a new party because the joinder did not involve a new claim alleged solely against the new party. *See, e.g.*, *StoneCoat of*

But the Court is not convinced that Rule 13(h) should be construed so strictly, particularly given the Fifth Circuit's language in *Yates*. As the Western District of Texas has noted, courts typically "construe[] Rule 13(h) liberally in an effect to avoid multiplicity of litigation and foster judicial economy[.]" *Bates*, 2017 WL 10576036, at *5. Accordingly, the Court concludes that Rule 13(h) is the proper vehicle for Defendants' motion and proceeds to the Rule 20 analysis.[3]

B.    *Joinder of Knorpp Satisfies Rule 20.*

Next, Plaintiff contends that joinder is improper because Defendants fail to satisfy the requirements of Rule 20. Doc. 20, Pl.'s Resp., 4. Under Rule 20, parties may be joined in an action as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B).

As an initial matter, the Court rejects Plaintiff's suggestion that because Defendants do not allege "joint and several" liability against Knorpp, Rule 20 is not satisfied. *See* Doc. 20, Pl.'s Resp., 5. Rule 20 permits the joinder of defendants if, among the other requirements, "any right to relief is asserted against them jointly, severally, *or in the alternative* . . . ." Rule 20(a)(2) (emphasis added). As Plaintiff admits, Defendants' claim against Knorpp is "asserted as alternative relief[.]" Doc. 20, Pl.'s Resp., 5. Although Defendants' claim against Knorpp does not explicitly seek relief in the

---

*Tex., LLC v. ProCal Stone Design, LLC,* 2019 WL 9899507, at *8, *14 (E.D. Tex. Mar. 27, 2019); *Accresa Health LLC v. Hint Health Inc.,* 2019 WL 10960486, at *7, *11 (E.D. Tex. May 23, 2019); *Klein Indep. Sch. Dist. v. Hovem,* 2010 WL 1068076, at *4–5 (S.D. Tex. Mar. 22, 2010).

[3] Defendants do not argue that joinder is proper under Rule 19. *See generally* Doc. 17, Defs.' Mot.; Doc. 21, Defs.' Reply.

alternative, it is clear that Defendants seek to hold Plaintiff or Knorpp liable for damages. *See* Doc. 17, Ex. 1, ¶ 27 (seeking, among other forms of relief, "[a] finding that Knorpp was negligent"). This is sufficient to invoke Rule 20, as "the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the same transaction, occurrence, or series of transactions or occurrences." *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (quotation marks omitted); *see* 7 Wright & Miller, *Federal Practice & Procedure* § 1652 (3d ed. 2021) ("[T]he rule permits the joinder of persons whose presence is procedurally convenient but is not regarded as essential to the court's complete disposition of any particular claim."); *see also Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969) ("Rule 20 . . . allows [the joinder of] one who has some relation to the action where that relation is not so close as to categorize him as a necessary or indispensable party."). Thus, the Court proceeds in its Rule 20 analysis.

First, the Court examines whether the claims against Defendants and Knorpp "aris[e] out of the same transaction [or] occurrence[.]" Fed. R. Civ. P. 20(a)(2)(A). "The transaction requirement . . . is not a stringent test and should be read broadly to increase judicial efficiency." *Immudyne, Inc. v. Sorgente*, 2005 WL 8165654, at *3 (S.D. Tex. Aug. 9, 2005) (citing, *inter alia*, *Battison v. City of Electra*, 2001 WL 497769, at *1 (N.D. Tex. May 8, 2001)). As Defendants point out, the claims against Plaintiff and Knorpp all arise from Defendants' purchase of insurance policies to insure Mr. Jenkins, Mr. Jenkins's subsequent decline in health, and Plaintiff's alleged awareness of this decline. *See* Doc. 21, Defs.' Reply, 3. In fact, Defendants allege that Plaintiff was aware of Mr. Jenkins's lameness due to Defendants' conversation with Knorpp. Doc. 17, Ex. 1, ¶ 19. Thus, although Defendants allege that Plaintiff and Knorpp are liable for different reasons, Defendants' claims arise from the same transaction—Defendants' claim for coverage following the humane

destruction of Mr. Jenkins.

Second, the Court determines whether the claims against Plaintiff and Knorpp share "any question of law or fact[.]" Fed. R. Civ. P. 20(a)(2)(B). The claims against Plaintiff require a determination of whether Knorpp received notice of Mr. Jenkins's lameness and, if so, whether notice to Knorpp constitutes notice sufficient to trigger coverage under the policies. *See* Doc. 17, Ex. 1, ¶ 19 (seeking declaratory judgment "[t]hat notice to Knorpp constituted timely notice to [Plaintiff]"). Likewise, the claim against Knorpp hinges upon whether Knorpp received notice of Mr. Jenkins's condition and whether this triggered an obligation to notify Plaintiff. *See id.* ¶ 24 (alleging that Knorpp was negligent by "failing to notify [Plaintiff] of Jenkins' condition until September 2020 if earlier notice was required"). Accordingly, the claims raise common questions regarding the substance of Defendants' conversation with Knorpp and the legal implications of this conversation, so the second Rule 20 requirement is satisfied.

In sum, both Rule 20 requirements are satisfied with respect to the claims against Plaintiff and Knorpp. The Court maintains discretion under Rule 20 to nonetheless deny joinder of Knorpp "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted). But Plaintiff does not raise any of these enumerated concerns, *see generally* Doc. 20, Pl.'s Resp., and none of these concerns warrant denial of joinder here. On the contrary, the Supreme Court has emphasized that "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing, *inter alia*, Fed. R. Civ. P. 20)). Thus, the Court concludes that joinder of Knorpp is proper under Rule 20.

C.       *Defendants' Claim Against Knorpp Is Ripe.*

Finally, Plaintiff argues that Defendants' claim against Knorpp fails because it is not ripe. Doc. 20, Pl.'s Resp., 7. As an initial matter, Plaintiff makes this argument in the context of improper joinder. *See id.* But neither Plaintiff nor Defendants suggest that this Court would be divested of jurisdiction if the Court permits the joinder of Knorpp as a counter-defendant. Indeed, the Fifth Circuit has held that the Court may exercise supplemental jurisdiction over the new claim in a situation like this one. *See Yates*, 391 F.3d at 581 (holding, in a diversity case, that addition of the original defendant's counterclaims against a non-diverse party joined under Rule 19 would not destroy subject-matter jurisdiction because the district court could exercise supplemental jurisdiction over the counterclaims). Given that Knorpp's joinder would not divest the Court of jurisdiction, the doctrine of improper joinder does not apply to the dispute at hand.[4]

Instead, the Court construes Plaintiff's ripeness argument as one arguing that under Federal Rule of Civil Procedure 15(a), Defendants' proposed counterclaim would be futile. *See Pittman v. Seterus, Inc.*, 2019 WL 2424078, at *3 (N.D. Tex. May 13, 2019) (noting that amendment under Rule 20 requires leave of Court under Rule 15); *DM Arbor Ct., Ltd. v. City of Hous.*, 988 F.3d 215, 219 (5th Cir. 2021) (reasoning amendment would have been futile due to a lack of ripeness); *see also Winegarner v. City of Coppell*, 2007 WL 9711758, at *6 (N.D. Tex. Apr. 12, 2007) (concluding that amendment to allege a claim "rest[ing] upon a contingent future event that may not occur . . . would

---

[4] Additionally, the improper-joinder doctrine "only applies when . . . diversity destroying defendants were on the record in state court at the time of removal." *Corman v. Alltel Commc'n, LLC*, 2016 WL 8914450, at *1 (W.D. Tex. Jan. 29, 2016) (citing *Cobb v. Delta Exp. Inc.*, 186 F.3d 675, 676 (5th Cir. 1999)). Thus, Plaintiff's reliance on the doctrine is misplaced for numerous reasons.

be futile").[5]

Plaintiff contends that because "Defendants' negligence claim against Knorpp is entirely contingent on the outcome of Defendants' claims against [Plaintiff]," the claim against Knorpp is not ripe. Doc. 20, Pl.'s Resp., 9–10. In support, Plaintiff cites to Defendants' motion brief, which states that "[i]n the event that [Plaintiff] is not fully liable to [Defendants] . . . , "Knorpp . . . is liable to [Defendants] for [its] negligence . . . ." Doc. 17, Defs.' Mot., 2. Defendants, on the other hand, contend the counterclaim against Knorpp is ripe because "Knorpp's actions can constitute negligence" irrespective of the outcome of Defendants' declaratory-judgment counterclaim against Plaintiff. Doc. 21, Defs.' Reply, 5. Thus, Defendants assert that even if the counterclaim against Knorpp is pleaded alternatively, it is nonetheless ripe. *See id.*

The counterclaim against Knorpp is ripe. "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United States v. Harris*, 960 F.3d 689, 695–96 (5th Cir. 2020) (citation omitted). If a claim depends "upon contingent future events that may not occur as anticipated," it is not ripe. *Id.* (citation omitted). Thus, the ripeness inquiry centers "on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Id.* (citation omitted).

Here, Defendants have already suffered an injury: Plaintiff denied coverage. *See id.*; *see* Doc. 17, Ex. 1, ¶ 16. Further, as pleaded in the proposed amended complaint, the counterclaim is not premised on any contingency. *See* Doc. 17, Ex. 1, ¶¶ 23–24. This absence of a contingency distinguishes Defendants' proposed counterclaim against Knorpp from the claims at issue in the cases

_____

[5] Because the parties do not assert any other Rule 15-related arguments, the Court confines its Rule 15 analysis to whether the proposed counterclaim is not ripe and thus futile.

upon which Plaintiff relies.

For example, in *Monroe Guaranty Insurance Company v. Newtex Realty, LP*, the district court found a counterclaim against an insurance agency not ripe where the counterclaim alleged "negligen[ce] in failing to secure . . . a policy" only "[i]n the unlikely event" that the court found the policy at issue provided no coverage. *See* 2019 WL 1261138, at *2 (N.D. Tex. Mar. 4, 2019), *R.&R. adopted*, 2019 WL 1255045 (N.D. Tex. Mar. 19, 2019).[6] Thus, in *Monroe*, the defendant could not even claim negligence unless the court found the defendant was not entitled to coverage under the policy at issue. *See id.*

In contrast, here, Defendants allege that Knorpp was negligent in failing to: inform them of their policy provisions; ensure they understood the provisions; further inquire into Mr. Jenkins's rest period; and notify Plaintiff of Mr. Jenkins's condition. Doc. 17, Ex. 1, ¶ 24. "While success against [Plaintiff] might moot the claims against [Knorpp] as a practical matter, the presence of a defense does not make the claim hypothetical, speculative, conclusory, or unripe." *See C.C. Forbes, LLC v. Axis Surplus Ins. Co.*, 2016 WL 10706290, at *2–3 (S.D. Tex. May 31, 2016) (rejecting argument that negligence claim against insurance agency was not ripe because it was "contingent and alternative"); *see also United of Omaha Life Ins. Co. v. Womack-Rodriguez*, 461 F. Supp. 3d 455, 468–69 (W.D. Tex. 2020) (rejecting argument that a claimant's counterclaims against insurance agent were not ripe because they were "contingent on whether [the claimant] is deemed a proper

---

[6] *See also, e.g., Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 2020 WL 6537230, at *4 (W.D. Tex. Nov. 5, 2020) (holding counterclaim not ripe where defendant alleged negligence in failing to procure coverage), *appeal filed*, No. 21-50078 (5th Cir. Feb. 9, 2021); *Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 2011 WL 724737, at *4 (S.D. N.Y. Feb. 23, 2011) (finding counterclaim for the breach of duty to indemnify was not ripe where it depended on liability determination), *aff'd on other grounds*, 482 F. App'x 599 (2d Cir. 2012).

beneficiary" under the life-insurance policy at issue). Accordingly, the Court concludes Defendants' proposed counterclaim against Knorpp is ripe.[7]

Because joinder of Knorpp satisfies Rule 20 and the claim against Knorpp is ripe, the Court **GRANTS** Defendants' motion for leave to file a counterclaim against Knorpp.

## IV.

## CONCLUSION

For the reasons already stated, the Court **GRANTS** Defendants' motion (Doc. 17) and **ORDERS** Defendants to file their proposed amended counterclaim, as set forth in Exhibit 1 of their motion, within **THREE (3)** days of this Order.

**SO ORDERED.**

**SIGNED: May 20, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff also suggests that because Defendants have failed to show hardship, their counterclaim against Knorpp is not ripe. *See* Doc. 20, Pl.'s Resp., 10. "In determining hardship, the doctrine of ripeness overlaps with the doctrine of standing's 'examination of whether a plaintiff has suffered a concrete injury.'" *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 343, 351 (S.D. Tex. 2011) (quoting *Texas v. United States*, 497 F.3d 491, 496 (5th Cir. 2007)). Hardship includes both "legal harms" and "practical harms[.]" *Id.* (citation omitted). Here, Defendants have been denied coverage of their claims. Further, should the Court withhold consideration of Defendants' counterclaim against Knorpp, Defendants face, at the least, the practical harm of unnecessarily duplicitous litigation. *See, e.g., RSL-3B-IL, Ltd. v. Symetra Life Ins. Co.*, 2016 WL 1019509, at *2 (S.D. Tex. Feb. 22, 2016) (analyzing hardship and concluding that "[j]udicial economy and efficiency" favored adjudication). Thus, to the extent Defendants must show hardship, they have done so.